2. That the involved merchandise is not on the final list promulgated under the Customs Simplification Act of 1956, T.D. 54521.

3. That the merchandise was appraised on the basis of constructed value, as that value is defined in section 402(d) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956.

4. That the firm of Style Design and Technical Consultants is not the manufacturer of the involved sweaters.

5. That the sweaters in question were manufactured by the knitting mills in Hong Kong from whom they were ordered.

6. That the evidence submitted by the plaintiffs in this case is not sufficient to establish that the appraised values were erroneous or to establish some other correct statutory constructed values.

I conclude as matters of law:

1. That constructed value, as defined in section 402(d) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, is the proper basis for the determination of the value of the merchandise here involved, and

2. That the proper values for the merchandise in question are the values found by the appraiser.

Judgment will be entered accordingly.

(R.D. 11618)

J. C. PENNEY PURCHASING CORP. *v.* UNITED STATES

Entry No. 5206.

(Decided January 23, 1969)

*Sharretts, Paley, Carter & Blauvelt* for the plaintiff.
*Carl Eardley*, Acting Assistant Attorney General, for the defendant.

RAO, Chief Judge: This appeal for reappraisement was submitted for decision upon the following stipulation of counsel:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the United States that the merchandise marked "A" and initialed J.C.E. (Initials) by Import Specialist J. C. Ellis (Import Specialist's Name) on the invoices covered by the instant appeal consists of oval tubing mats composed of 35% reprocessed wool, 35% rayon, and 30% miscellaneous textile by-products, which merchandise was exported from Japan on or about February 15, 1962, and that said merchandise is not on the list of products published in T.D. 54521 from which the application of the Customs Simplification Act of 1956 (P.L. 927, 84th Congress, Second Session) is withheld.

IT IS FURTHER STIPULATED AND AGREED that the price at the time of exportation to the United States of the instant merchandise at which such or similar merchandise was freely sold, or in the absence of sales, offered for sale in the principal markets of the country of exportation, in the usual wholesale quantities, and in the ordinary course of trade, for exportation to the United States, including the cost of all containers of whatever nature and all other expenses incidental to placing the merchandise in condition, packed ready for shipment to the United States, was $0.1375 per square foot.

IT IS FURTHER STIPULATED AND AGREED that the instant appeal is submitted for decision upon this stipulation, being limited to the merchandise marked "A" as aforesaid and abandoned in all other respects.

On the agreed facts, I find and hold that export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 70 Stat. 943, is the proper basis for the determination of the value of the merchandise represented by the items marked "A" and with the initials of the import specialist on the invoices covered by the appeal herein, consisting of oval tubing mats composed of 35 percent reprocessed wool, 35 percent rayon, and 30 percent miscellaneous textile by-products, and that said value is $0.1375 per square foot.

Judgment will be entered accordingly.